## HUTCHERSON v. BRISCOE *et al., Appellants.*

**Equity Pleading : TRUSTS.** In a suit to enforce a trust attaching to real estate, the petition alleged that defendants' ancestor had purchased the land at a sale under a deed of trust executed by plaintiff, under an agreement that the ancestor should rent the land, receive the rents, and after re-imbursing himself for his outlays, re-convey to plaintiff; and that the rents, together with certain payments made by plaintiff, had more than made good all the outlays; and the petition prayed for a decree for the land and for any excess of rents. The court, besides decreeing the title to plaintiff, took an account of the outlays of defendants' ancestor and of the payments made by plaintiff, and the rents received by defendants, and gave judgment in plaintiff's favor for the excess of the latter. *Held,* that this decree was within the scope of the pleadings.

*Appeal from Ralls Circuit Court.*

AFFIRMED.

*Christian & Roy* and *C. A. Winslow* for appellants.

*T. L. Anderson* and *D. G. Davenport* for respondents.

MARTIN, C.—This was a suit in the nature of a bill in equity, commenced in March, 1877, in which the plaintiffs asked that the defendants be divested of a certain parcel of land formerly owned by Elizabeth Hutcherson, one of the plaintiffs, and that the same be vested in her.

It is recited in the amended petition that in 1868 the land was owned by said Elizabeth, subject to a deed of trust to secure a debt of $555.75; that on the 23rd day of October, 1869, William T. Briscoe became the purchaser of the land for $698, at the trustee's sale, under such an arrangement and understanding with said Elizabeth as to impose on him a trust in her favor, by which he was to rent the lands, receive the rents, and after re-imbursement for his outlays, from such rents and other sums as should be furnished by her, from time to time, to re-convey the same to her; that William Briscoe died in 1870, leaving Joseph

Briscoe as his only heir, and that John Briscoe became his administrator. It is alleged that the payments made by plaintiffs and the rents received from the property more than re imbursed the parties holding it, and a decree for the land and any excess of rents was asked for.

John Briscoe and Joseph Briscoe filed a joint answer. There seems to be no answer from Parker, but from the recitals in the record he appears to have been treated as answering along with the Briscoes. In this answer the original contract or understanding between said Elizabeth and William Briscoe is put in issue. The answer then goes on to set up another understanding or arrangement of compromise, by which the defendants agreed to convey the lands to plaintiffs, upon payment by plaintiffs of certain sums therein mentioned ; that their title-bond to that effect was sent to plaintiffs, but that plaintiffs failed and refused to comply with the terms of the compromise. There were other allegations in the answer which need not be mentioned, except as hereinafter touched upon.

The case was submitted to the court upon the p eadings and proofs, and a decree was rendered in favor of the plaintiffs, in which the issues were found in their favor. The court also proceeded " to take an account of the matter between the parties pertaining to said purchase money remaining unpaid, and of the several amounts so paid by plaintiff Elizabeth, as aforesaid, and of the several sums so paid to and received by defendants John Briscoe and Joseph Briscoe, on account of the rents and profits of said land, as aforesaid, with the interest severally accruing on all said sums, from an examination and estimate whereof, the court finds that the defendant Joseph Briscoe has received, as rent of said premises, an excess over and above said purchase money and all interest and costs thereon, of the sum of $400." The decree awards execution against him for this amount.

Joseph Briscoe prosecutes this appeal, complaining only of that part of the decree adjudging against him the

$400. There was no bill of exceptions, no motion for re-hearing or in arrest of judgment. His counsel insists that the order to pay the $400 is an error on the face of the record, and not dependent upon a bill of exceptions or motion of any kind.

To maintain this point it is incumbent on them to show that the decree for $400 against Joseph Briscoe could not be within the issues of the case, according to any fair intendment of the pleadings. A brief review of the nature of the case and the allegations bearing upon the matter of rents and profits must satisfy any one that the finding of the court was clearly within the issues. It will be observed that this is not an action of ejectment. A right to the rents in an equitable action to enforce a trust, does not depend upon the actual occupation of the premises by the defendant. He may be charged in equity with the rents, because of the relation he held to the property as trustee, or the part he has taken in some breach or denial of trust, of which he had notice. Now this property was subject to a trust in favor of plaintiffs, while owned by William Briscoe. On the death of William, the legal title descended to Joseph, who was his sole heir, and it vested in him subject to that trust. It was his duty to observe and carry out the trust which rested upon the legal title. The answer admits that instead of doing this, he conveyed the property in 1872 to John Briscoe. It also admits that in 1873 John conveyed it back again to Joseph. The answer further admits that in 1874 Joseph made a contract to convey the land to Parker, who was the tenant of William, immediately after the purchase at trustee's sale; that this contract was rescinded in 1875, by their mutual consent, which returned the absolute title again to Joseph; that Joseph was in possession in 1874 and 1875, except while Parker held it under his contract. Of course Parker, who was a tenant and had undertaken to buy the land, may be reasonably presumed to have in some way accounted for the rent to Joseph when the contract was rescinded by

mutual consent. The answer admits that Joseph was a party with John, the administrator, to a contract to convey the land back to plaintiffs upon the compromise set out in the answer. Now, in so far as these dealings were conducted for the sole benefit of Joseph, they were in derogation of the trust. The answer admits that the land is now in Joseph. It further admits " that they (John and Joseph) received the sum of about $400 in money, and money's worth, as rent for said land since the death of said Wm. T. Briscoe," and avers that more than this sum was expended for taxes on the property, etc.

The plaintiffs asked to have the legal title divested from Joseph as one of the defendants. This was asked upon the theory that the rents of the property and payments of plaintiffs had more than discharged the debt for which it was held in trust. The petition contains a prayer for the excess, and concludes with a general prayer for relief. A decree against this owner and holder of the title for $400 of rents in excess of the debt on the property, is in my opinion clearly within the scope and intendment of the bill. In amount it does not exceed what Joseph admits went into his hands.

The judgment is affirmed. PHILIPS, C., concurs; WINSLOW, C., not sitting, having been of counsel when the cause was submitted to the court.